IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 05-cv-02091-MSK-OES

JEFFREY SCOTT DURHAM, and on behalf of all other similarly situated inmates at the United States Penitentiary - ADX at Florence, Colorado, a class,

        Plaintiff,

v.

HARLEY G. LAPPIN,
HARRELL WATTS,
G. L. HERSHBERGER,
MICHAEL K. NALLEY,
ROBERT A. HOOD,
C. CHESTER,
J. ZUERCHER,
L. BRAREN,
T. SUDLOW,
MARK COLLINS,
T. G. WERLICH,
MR. BARBEE, and
RANDY MADISON,

        Defendants.

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DIRECTING RESPONSE TO PENDING MOTION FOR PRELIMINARY INJUNCTION**

THIS MATTER comes before the Court on the Plaintiff's Motion for a Temporary Restraining Order **(#4)**. Having considered the motion, the Complaint and its attachments, and the file, the Court

**FINDS** and **CONCLUDES** that:

**I. Jurisdiction**

For purposes of ruling on the pending motion, the Court exercises subject matter

jurisdiction pursuant to 28 U.S.C. § 1331.  However, the Court has no personal jurisdiction over the Defendants because there has been no service of a summons and the Complaint upon them. The motion for a temporary restraining order must be denied at this juncture for this reason alone. However, for the reasons stated hereafter, the Court denies the motion on the merits as well.

## II. Background

In this action, the Plaintiff complains that he and other inmates are being subjected to a risk of contracting Hepatitis C because their recreation cages contain infected bodily fluid.  In his motion for a temporary restraining order, he seeks an order directing the Defendants to:

> A) cease and desist placing inmates at ADX in recreation cages that have not been decontaminated, disinfected, cleaned and sanitized in accordance to established health and safety standards and procedures for exposure or potential exposure to biological health hazards and infectious diseases on a daily basis.
>
> B) cease and desist subjecting Plaintiff and others similarly situated to conditions of confinement that pose substantial risks of serious harm that is proximate and future in nature that causes death in humans.

## III. Issue Presented

The Court must determine whether the Plaintiff is entitled to temporary injunctive relief. Because the Plaintiff is *pro se*, the Court construes his Complaint and other filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## IV. Standard of Review

Pursuant to Fed. R. Civ. P. 65(b):

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. . . .

To obtain a temporary restraining order, the moving party must show: (1) a likelihood of success on the merits; (2) that he will suffer irreparable harm if no injunction issues; (3) the threatened injury outweighs any injury to the opposing party if an injunction issues; and (4) an injunction would not be adverse to the public interest. *See Wiechmann v. Ritter*, 44 Fed. Appx. 346, 347 (10th Cir. 2002) (not selected for publication in the Federal Reporter).[1]

The Plaintiff's motion is deficient in several respects. First, the Complaint, attachments and motion, read together and construed most favorably to the Plaintiff, are insufficient to demonstrate a substantial likelihood that the Plaintiff will succeed on the merits. He has presented declarations from inmates who state they have Hepatitis C and use the indoor and outdoor recreation areas in F-Unit and that they leave behind bodily fluids in the form of saliva and mucous. Plaintiff states that he uses these recreation areas and has observed such bodily fluids. However, the current record lacks competent evidence establishing that the bodily fluids in the recreation areas can transmit Hepatitis C to a subsequent user. Furthermore, there also is no evidence from a person, who is currently responsible for cleaning the recreation areas, as to how

---

[1] Copy attached to this Order.

or how often they are currently cleaned. Finally, there is no causation evidence to establish that the manner of cleaning is inadequate to prevent transmission of Hepatitis C or that there is a particular means of cleaning that would do so.

The evidence is also inadequate to establish any immediate harm. The Complaint, and the attachments thereto, show that the Plaintiff has known about, and complained about, the condition of the recreation areas for more than a year. But there is no evidence of the current state of the areas, that he is unable to avoid using the allegedly contaminated areas, or that he is unable to avoid contact with the bodily fluids he finds there.

Still pending is the Plaintiff's motion **(#6)** seeking a preliminary injunction on identical grounds. The Court will consider these issues after the Defendants are properly served with the Complaint, its attachments, the motion for preliminary injunction and supporting declarations, and this Order pursuant to Fed.R.Civ.P. 4. The Defendants will have ten days following service to respond to the motion for preliminary injunction. Thereafter, the Court may schedule a law and motion hearing to address whether an evidentiary hearing is needed.

For all of the foregoing reasons,

**IT IS ORDERED** that:

1) The Plaintiff's Motion for a Temporary Restraining Order **(#4)** is **DENIED**.

2) This Order shall be served upon the named Defendants along with a copy of the Summons and Complaint **(#3)**, Motion for Preliminary Injunction **(#6)** and supporting affidavits **(#7, #8)** by the U.S. Marshal in accordance with this Court's Order entered this same date.

3) The Defendants shall have 10 days from service to file any Response to the Motion for Preliminary Injunction **(#6)**.

Dated this 30th day of November, 2005

                              **BY THE COURT:**

                              */s/ Marcia S. Krieger*

                              Marcia S. Krieger
                              United States District Judge



44 Fed.Appx. 346
44 Fed.Appx. 346, 2002 WL 1902699 (C.A.10 (Colo.))
**(Cite as: 44 Fed.Appx. 346)**

Briefs and Other Related Documents

This case was not selected for publication in the Federal ReporterThis case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)

United States Court of Appeals,Tenth Circuit.
Sylvia Campo WIECHMANN, Petitioner-Appellant,
v.
William RITTER; Gary Pangus; Michael Vallejos; Shelley Gilman; Stephan Phillips; Bay County Sheriff, Respondents-Appellees.
No. 02-1146.
D.C. No. 02-Z-177.

July 26, 2002.

Petitioner appealed from the district court's denial of her motion for a temporary restraining order/preliminary injunction. The Court of Appeals held that court did not abuse its discretion in denying motion for a temporary restraining order/preliminary injunction seeking release from allegedly illegal confinement at mental health institution.

Affirmed.

West Headnotes



**Injunction 212   147**

212 Injunction
   212IV Preliminary and Interlocutory Injunctions
      212IV(A) Grounds and Proceedings to Procure
         212IV(A)4 Proceedings
            212k147 k. Counter Affidavits and Other Evidence. Most Cited Cases



**Injunction 212   150**

212 Injunction
   212IV Preliminary and Interlocutory Injunctions
      212IV(A) Grounds and Proceedings to Procure
         212IV(A)4 Proceedings
            212k150 k. Restraining Order Pending Hearing of Application. Most Cited Cases

District court did not abuse its discretion in denying motion for a temporary restraining order/preliminary injunction seeking release from allegedly illegal confinement at mental health institution; movant failed to allege any facts indicating that she would suffer immediate and irreparable harm if the requested injunctive relief was not granted, failed to establish a substantial likelihood that she would ultimately prevail on the merits of her habeas application, and failed to show that the threatened injury outweighed any damage the injunction might cause the opposing party, or that the requested injunctive relief would not be adverse to the public interest.

Before SEYMOUR, HENRY, and BRISCOE, Circuit Judges.

ORDER AND JUDGMENT*

FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**1 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

44 Fed.Appx. 346
44 Fed.Appx. 346, 2002 WL 1902699 (C.A.10 (Colo.))
**(Cite as: 44 Fed.Appx. 346)**

Petitioner Sylvia Campo Wiechmann, appearing pro se, appeals the district court's denial of her motion for a temporary restraining order/preliminary injunction. We exercise jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and affirm.

On January 29, 2002, Wiechmann filed a motion and related pleadings for a "ederal injunction," alleging she was being illegally confined at the Colorado Mental Health Institution in Pueblo, Colorado. She argued that she was a federal judge and that, in order to be criminally prosecuted or involuntarily committed, she first must be impeached. On February 15, 2002, she filed an application for a writ of habeas corpus, again alleging she was being illegally confined. On March 12, 2002, the magistrate judge directed her to file an amended habeas application because her initial filing was unclear and did not comply with **\*347**Federal Rule of Civil Procedure 8(a) and (e)(1). The magistrate granted Wiechmann thirty days to amend her application and directed that if she failed to do so, the action would be dismissed without further notice.

On March 15, 2002, the district court rejected Wiechmann's initial pleadings, which it construed as a motion for temporary restraining order and/or preliminary injunction. The court found that she failed to allege any facts indicating that she would suffer immediate and irreparable harm if the requested injunctive relief was not granted. The court further concluded that Wiechmann failed to establish (1) a substantial likelihood that she would ultimately prevail on the merits of her habeas application, (2) that the threatened injury outweighed any damage the injunction might cause the opposing party, or (3) that the requested injunctive relief would not be adverse to the public interest.

We review a district court's denial of a temporary restraining order or preliminary injunction for an abuse of discretion. *See Prairie Band of Potawatomi Indians v. Pierce,* 253 F.3d 1234, 1243 (10th Cir.2001). A district court abuses its discretion if it "'ommits an error of law, or is clearly erroneous in its preliminary factual findings.'"*Id.* (quoting *ACLU v. Johnson,* 194 F.3d 1149, 1155 (10th Cir.1999)). To merit a temporary restraining order or preliminary injunction, the movant must establish that "1) [she] has a substantial likelihood of prevailing on the merits; (2) [she] will suffer irreparable injury if [she] is denied the injunction; (3) [her] threatened injury outweighs the injury that the opposing party will suffer under the injunction; and (4) an injunction would not be adverse to the public interest."*Country Kids 'N City Slicks, Inc. v. Sheen,* 77 F.3d 1280, 1283 (10th Cir.1996). After carefully examining the record on appeal, we find no abuse of discretion on the part of the district court.

**\*\*2** We AFFIRM the denial of Wiechmann's motion for temporary restraining order/preliminary injunction. The motion for release pending appeal is DENIED. The motion to proceed in forma pauperis on appeal is DENIED.

C.A.10 (Colo.),2002.
Wiechmann v. Ritter
44 Fed.Appx. 346, 2002 WL 1902699 (C.A.10 (Colo.))

Briefs and Other Related Documents (Back to top)

• 02-1146 (Docket) (Mar. 26, 2002)

END OF DOCUMENT